Barry R. Simpson, Pittsburgh, Pa., for plaintiffs.

Robert G. Simasek, Pittsburgh, Pa., for defendant.

Clayton A. SANDERS and Inez R. Sanders, Plaintiffs,

v.

Michael MARSHALL, Defendant.

Civ. A. No. 82–1296.

United States District Court,
W.D. Pennsylvania.

Jan. 13, 1984.

MARSH, District Judge.

## OPINION

The plaintiffs, Clayton A. Sanders and Inez R. Sanders, filed the above-captioned action on July 7, 1982, alleging injuries and damages to plaintiffs as a result of a motor vehicle collision which occurred on July 8, 1980 on the Pennsylvania turnpike.

The complaint was filed on July 7, 1982; however, personal service was not accomplished on defendant until August 3, 1983.[1]

The defendant, through his counsel, has filed a motion to quash said service and seeks dismissal of the plaintiffs' complaint pursuant to Rule 4(j), Fed.R.Civ.P.

Rule 4(j), which became effective on February 26, 1983 provides as follows:

"(j) SUMMONS: TIME LIMIT FOR SERVICE. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule."

For reasons more specifically set forth below, the motion to quash service and to

---

1. Service was accomplished by delivery of the summons and complaint on a woman who identified herself as Michael Marshall's mother at defendant's last known address, 667 East 124th Street, Cleveland, Ohio 44108, by a process server for plaintiff. Said process server was Henry W. Willson, Sr. The service was good and valid as service upon an adult member of defendant's household at his last known address. See Rule 4(d)(1), Fed.R.Civ.P.

dismiss the action without prejudice shall be granted.[2]

A summary of the relevant facts leading up to the filing of the motion to quash follows:

### Findings of Fact

1. Service was attempted by plaintiffs by certified mail to 667 East *134th*[3] Street, Cleveland, Ohio 44108 commensurate with the filing of the complaint on July 7, 1982.

2. Service was attempted a second time on July 28, 1982 via certified mail to the defendant at 667 East *124th* Street, Cleveland, Ohio 44108. The return dated August 11, 1982 shows the item as "Ret. unclaimed" (Docket No. 3 at Civil Action No. 82–1296).

2. The motion is granted after this court's review of the record, an evidentiary hearing, and review of the transcript of said hearing, together with proposed findings of fact, conclusions of law and briefs submitted by the parties.

3. Defendant's correct address, as shown in a police report of the accident dated July 8, 1980 set forth defendant's home address as "667 E. 124 St., Cleveland, Ohio 44108." Plaintiffs' counsel had a copy of said report at all times material to the action.

4. At the evidentiary hearing on November 16, 1983, plaintiffs' counsel attempted to explain the seven month gap from July 28, 1982 to February 22, 1983. *Inter alia,* counsel asserted that in September, 1982 he reviewed the file, made phone calls to Cleveland information for address and phone number of Michael Marshall, and checked out three names with the Department of Motor Vehicles of Ohio. None of the three (3) names/addresses matched that of defendant whose birth date was designated in the police report (see footnote 3, *supra*) as January 26, 1957 (defendant's Exhibit "A").

Counsel further elaborated stating that by October, 1982 he had concluded that the information he previously had "seemed to be okay" and "[w]e then focused upon ... the Marines and Quantico address ...." Quantico was checked in November, 1982 to determine if defendant was in the Marine Corps, but the information revealed he was *not* in Quantico, but *might be* in the Marines.

Another check with the Marines was performed three days after Christmas, 1982, but revealed no new information. On February 1, 1983, with the whereabouts of defendant unchanged, the U.S. Marshal's office was directed to make service through Quantico and said service was returned "unfound." (Transcript

3. Seven months later, on February 22, 1983, plaintiffs attempted service by certified mail to defendant at the United States Marine Base in Quantico, Virginia. This attempt at service was returned as "not known" on March 8, 1983. (Also docketed at Document No. 3 at Civil Action No. 82–1296.)[4]

4. After approximately five (5) more months,[5] personal service was attempted on defendant on August 3, 1983 by Mr. Henry W. Willson, Sr., a private investigator, by hand carrying the summons and complaint to defendant's last known address (an address which appeared on the police report dated July 8, 1980); that is, 667 East 124th Street, Cleveland, Ohio 44108. Service was properly made on defendant's mother on said date.[6]

of Evidentiary Hearing held on November 16, 1983, pp. 25–26.)

5. During these five (5) months, plaintiffs' counsel testified that in April, 1983, he personally called Quantico Marine Base to determine if defendant was out of the service or at Quantico. "In May, there was some indication that he [defendant] may be out of the service." (Transcript p. 26.)

Counsel again checked with the "motor records people in Ohio" to confirm he had a good address for defendant. As of June, 1983, counsel confirmed again that the address at 667 East 124th Street was a good address based on defendant's current operator's license.

In early July counsel for plaintiffs contacted Mr. Willson who made his own independent investigation. This investigation led to the ultimate personal service on August 3, 1983.

6. On cross-examination at the November 16, 1983 hearing, Mr. Willson stated he could have gone to Cleveland to serve defendant at his last known residence on East 124th Street in December, 1982, if he were requested to do so by plaintiffs' counsel (Transcript p. 20), but that he was first given instructions to serve defendant "a few days before the August 3 date" (Transcript p. 4). That is, August 3, 1983.

Mr. Willson also testified that once he was given directions to investigate the case, roughly twelve (12) hours were needed including investigation and his trip to Cleveland to serve defendant at the 124th Street address (Transcript p. 20). As part of his investigation, Willson made numerous calls to the Quantico Marine Base, determined defendant had been in the service, but was "put out" about seven months prior to his calls; that is, seven months prior to the July, 1983 phone calls which indicates de-

5. Although plaintiffs contend service was made within 120 days of the filing of the complaint when service was returned as "unclaimed" on August 11, 1982, we do not agree this was effective service. Nor can the court find that the 120 day rule was in effect in July, 1982. The rule is clear and unambiguous. Rule 4(j) was not effective until February 26, 1983. No retroactive effect was intended.[7]

6. Since service was not accomplished prior to February 26, 1983, the 120 day rule, Rule 4(j), Fed.R.Civ.P., came into effect. The plaintiffs did not obtain good service within 120 days of February 26, 1983 since personal service was not made until August 3, 1983 by plaintiffs' investigator (process server), Mr. Willson, on the 158th day.

7. The plaintiffs have not sustained their burden to show there was good cause for their failure to timely serve defendant.

### Conclusions of Law

1. Service of process was accomplished by personal service on defendant's mother, an adult member of defendant's household on August 3, 1983.

2. This service was beyond the time allowed for service pursuant to Rule 4(j) Fed. R.Civ.P.

3. The service should be quashed and the action should be dismissed without prejudice under the provisions of Rule 4(j), Fed. R.Civ.P.

### Discussion

There is little, if any, case law on the effects of Rule 4(j), Fed.R.Civ.P. interpreting a factual situation where service was beyond the 120 day time limit set forth in the Rules. Therefore, it is necessary to turn to Congress and other sources to aid the court in interpreting the time limitation

under Rule 4(j). "House Rep. 7154-Federal Rules of Civil Procedure Amendments Acts of 1982" is useful in viewing the intent of the legislature attendant to Rule 4(j).

Under the heading "5. TIME LIMITS," H.R. 7154, P.L. 97–462 (1/12/83), 96 Stat. 2527 (1982), U.S.Code Cong. & Admin.News 1982, pp. 4434, 4440–42, comments as follows:

"Rule 4 does not currently provide a time limit within which service must be completed. Primarily because United States marshals currently effect service of process, no time restriction has been deemed necessary, Appendix II at 18 (Advisory Committee Note). *Along with the proposed changes to subdivisions (c) and (d) to reduce the role of the Marshalls Service, however, came new subdivision (j),* requiring that service of a summons and complaint be made within 120 days of the filing of the complaint. If service were not accomplished within that time, proposed subdivision (j) required that the action 'be dismissed as to that defendant without prejudice upon motion or upon the court's own initiative.' Service by mail was deemed made for purposes of subdivision (j) 'as of the date on which the process was accepted, refused or returned as unclaimed.'[8] (Footnotes omitted.)

"H.R. 7154 adopts a policy of limiting the time to effect service. It provides that if a summons and complaint have not been served within 120 days of the filing of the complaint and the plaintiff fails to show 'good cause' for not completing service within that time, then the court must dismiss the action as to the unserved defendant....

"... If on the other hand the plaintiff has made reasonable efforts to effect ser-

---

fendant left active duty in January, 1983 (Transcript p. 15).

**7.** The court cannot agree with plaintiffs' contention that the return of a certified mailing "unclaimed" constitutes effective service of process. Proposed Rule 4(j) may have stated that mail service would be deemed made "on the date on which the process was accepted,

refused, or returned as unclaimed." But, the text of Rule 4(j) as adopted on January 12, 1983, effective February 26, 1983 has no such language concerning "unclaimed" mail. See 2 Moore's Federal Practice, Paragraph 4.01 [33–.3] at pp. 4–44.8 to 4–44.11 (1983).

**8.** See Footnote 5, *supra,* for an explanation of the last sentence quoted above.

vice,[9] then the plaintiff can move under Rule 6(b) to enlarge the time within which to serve or can oppose dismissal for failure to serve. A court would undoubtedly permit such a plaintiff additional time within which to effect service. *Thus, a diligent plaintiff can preserve the cause of action.* This result is consistent with *the policy behind the time limit for service* and with statutes of limitation, both of which are *designed to encourage prompt movements of civil actions in the federal courts.*" (Emphasis supplied.)

No analysis would be complete without a review of the two primary sources on interpretation of Rules of Federal Procedure. That is, Wright & Miller, *Federal Practice and Procedure* and *Moore's Federal Practice.*

Wright & Miller have the following comments in discussing the effect of Rule 4(j):

"The provision limits the time for serving process to 120 days after filing the complaint. *If service is not made within that time, the action must be dismissed without prejudice . . . .*

"The addition of this new timing provision is best understood in the context of the other amendments that were made to Rule 4 in 1982. Prior to 1982, service was performed by marshals and a timing restriction was not thought to be necessary. However, Rule 4 now authorizes service of process by any nonparty adult and service by mail and these changes might produce problems of timeliness. Subdivision (j) answers that need.

"*The time limits in Rule 4(j), although they are meant to be strictly enforced, are not unduly harsh,* as the time may be enlarged by the court pursuant to Rule 6(b), if necessary." (Emphasis supplied.) Vol. 4, Wright & Miller: Federal Practice and Procedure, Civil § 1138 (1983). (Footnotes omitted.)

And Professor Moore adds the following: "... The addition of Rule 4(j) was in harmony with the other 1983 amendments to Rule 4, which generally shifted responsibility for making service from the United States marshals to the plaintiff.

"Rule 4(j) provides for dismissal if the party needing to serve the summons and complaint 'cannot show good cause why such service was not made' within the 120-day period prescribed by the Rule. Thus a plaintiff may still avoid dismissal if he can show 'good cause' for not making service. Nevertheless, if a plaintiff has made diligent but unsuccessful attempts to effect service of process, *the better and more careful practice would be to move under Rule 6(b) for an enlargement of the time period within which to make service.*" 2 Moore's Federal Practice, Paragraph 4.46 (1983). (Footnotes omitted.)

Based on the above findings of fact and discussion, the motion to quash service and dismiss the action shall be granted.

An appropriate order will be entered.

---

**9.** Even ignoring the seven (7) month gap prior to the February 26, 1983 effective date, the plaintiff failed to show good cause for the five (5) month gap between February 22, 1983 and August 3, 1983.