John A. BURKS, Sr. and Grace O. Burks, Plaintiffs,

v.

Robert GRIFFITH; Village of Herkimer Police Department; Village of Herkimer; Paul Currie; Village of Mohawk Police Department; Village of Mohawk; Norman Winnie; Susan Winnie; David Crawford; Theodore Snow; All Unknown Named Agents of the New York State Department of Law; New York State Department of Law; State of New York; William Yetman; Joseph Dego; James Deeghan; Charles Sawyer; All Unknown Named Agents of the Federal Bureau of Investigation; United States Department of Justice; United States of America; and, All Other Defendants Presently Unknown, Defendants.

No. 83–CV–271.

United States District Court, N.D. New York.

Jan. 27, 1984.

John A. Burks, Sr., plaintiff pro se.

Horigan & Horigan, Amsterdam, N.Y., for defendants Griffith, Village of Herkimer Police Dept. and Village of Herkimer; Thomas V. Blaber, Amsterdam, N.Y., of counsel.

Louis S. Petrone, P.C., Utica, N.Y., for defendants Currie, Village of Mohawk Police Dept. and Village of Mohawk, of counsel.

George Farber Aney, Herkimer, N.Y., for defendants Norman and Susan Winnie.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., for defendants Crawford, Snow, N.Y.S. Dept. of Law and State of New York; Aniela J. Carl, Asst. Atty. Gen., Utica, N.Y., of counsel.

Frederick J. Scullin, Jr., U.S. Atty., N.D. New York, Syracuse, N.Y., for defendants Yetman, Deyo, Deeghan and Sawyer; Craig A. Benedict, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

MUNSON, Chief Judge.

MEMORANDUM–DECISION
AND ORDER

On March 13, 1980, federal, state and local law enforcement officials executed a

warrant-authorized search of the home and business of plaintiffs John and Grace Burks. Nearly three years later on March 11, 1983, plaintiffs commenced the instant civil action for money damages against a host of defendants for an alleged deprivation of their Constitutional rights. Thus, plaintiffs' action was timely by two days. *See Pauk v. Board of Trustees of City Univ. of New York,* 654 F.2d 856 (2d Cir.1981).

Presently before the court are motions to dismiss the complaint by several of the defendants on the ground that plaintiffs failed to serve the summons and complaint within 120 days after filing the complaint as required by Rule 4(j) of the Federal Rules of Civil Procedure. Also before the court is a motion by defendants Crawford and Snow to amend their complaint to include the affirmative defense of insufficiency of service of process. Plaintiffs have opposed the motion to dismiss and have moved to amend their complaint to assert two new causes of action.

■ Rule 4 of the Federal Rules of Civil Procedure was amended as of February 26, 1983. *See* Act of Jan. 12, 1983, Pub.L. 97–462, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 4434. Rule 4(j) provides:

> If a service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Here, the complaint was filed with the clerk of the court on March 11, 1983 and the docket sheet indicates that no defendant was served prior to November 5, 1983. Thus, plaintiffs failed to serve defendants within the 120 time period as prescribed by Rule 4(j).

Although the Rule was meant to be strictly construed, 4 C. Wright and A. Mil-

ler, *Federal Practice and Procedure:* Civil § 1138 (Supp.1982), its execution is not unduly harsh due to the liberal extension of time allowances permitted under Rule 6(b). In the present case, however, plaintiffs never sought extensions of time from this court to serve outside the 120 time period. Thus, this court must dismiss the action unless plaintiffs can show "good cause" why they did not effect timely service.

Plaintiffs have submitted an affidavit from John Burks in opposition to the motions to dismiss. Burks did not attempt to show any reason for the failure of plaintiffs to timely serve. Rather, Burks only avers that at the present time all defendants have been served. Therefore, plaintiffs have completely failed to show "good cause" within the meaning of Rule 4(j).

■ The court notes, however, that Rule 4(j) is subject to two possible interpretations. One view of the language contained in the Rule holds that a complaint must be dismissed if service is not made within 120 days of the filing of the complaint. The other view holds that a complaint must be dismissed only if service is not effected within 120 days after the filing of the complaint *and* service has not been accomplished prior to defendant's filing a motion to dismiss. After careful consideration of the language of the Rule together with the policy considerations behind it, this court believes that Rule 4(j) requires dismissal regardless of whether any defendant has moved to dismiss the complaint for insufficiency of service of process. This position is supported by the commentators, *see* 2 J. Moore, *Moore's Federal Practice,* ¶ 4.46 at 4–574 (2d ed. 1983); C. Wright, *Federal Courts,* § 64 at 412 n. 9 (4th ed. 1983), and makes good sense in that most defendants would not ordinarily be aware of the pendency of an action until well after the 120 time period had elapsed.

■ While the issue has not been raised by the parties, the court feels constrained to comment upon a statute of limitations problem that will undoubtedly arise should plaintiffs attempt to commence this action

anew. At the time of commencement the statute of limitations in the instant case had two days to run. Therefore, if plaintiffs attempt to file a new complaint after receipt of this court's Order, they will be met with the bar of New York's three year statute of limitations for civil rights actions. *See Pauk v. Board of Trustees,* 654 F.2d at 866 (applying N.Y.Civ.Prac.Law § 214(2) (McKinney Supp.1983–84)).

Professor Moore recognized this problem but opined: "If the applicable statute of limitations is tolled by filing alone, timely service of process will preserve the action, but dismissal under Rule 4(j) will result in the action being time-barred if the statute has run after the filing of the complaint." 2 J. Moore, *supra,* at 4–574. *See generally* D. Siegel, *Practice Commentary on Amendment of Federal Rule 4 (eff. Feb. 26, 1983) with Special Statute of Limitations Precautions,* 96 F.R.D. 81 (1983). This problem could have been avoided had plaintiffs taken the opportunity to utilize Rule 6(b) and request an extension of time to serve their summons and complaint. Having failed to do so, however, plaintiffs must suffer the consequences of dismissal of their cause of action without prejudice but with the knowledge that any attempt at refiling will be met with a successful statute of limitations challenge.

Accordingly, for the reasons stated above and under the authority of Rule 4(j) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the complaint is dismissed without prejudice as to all named defendants because plaintiffs failed to effect service within 120 days after the filing of their complaint. In view of this court's ruling on the motions to dismiss, the court need not reach plaintiffs' motion to amend their complaint nor defendants Snow and Crawford's motion to amend their answer.