**Alfred GELLER, Plaintiff,**

v.

**Scott NEWELL, Defendant.**

**No. 83 Civ. 8355 (RLC).**

United States District Court, S.D. New York.

Sept. 20, 1984.

Kenneth B. Newman, P.C., New York City, for plaintiff.

William J. McKenney, Garden City, N.Y., for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Alfred Geller, manages and represents news reporters and anchors in the electronic media. In April, 1980, he contracted with defendant, Scott Newell, to act as defendant's sole representative in exchange for 10% of defendant's gross income from television and radio sources. Plaintiff alleges a breach of contract. Defendant moves to dismiss the complaint for failure to make timely service of process, F.R.Civ.P. 4(j) and 12(b)(5), and for lack of personal jurisdiction. F.R.Civ.P. 12(b)(2).

*Service of Process*

The complaint in this action was filed on November 16, 1983. Service of process was completed on March 29, 1984, 134 days thereafter. Unless plaintiff's failure to serve the summons and complaint within 120 days was for "good cause", the case must be dismissed. F.R.Civ.P. 4(j); *Burks v. Griffith*, 100 F.R.D. 491, 492 (N.D.N.Y.1984).

Immediately upon commencing this action, plaintiff served the summons and complaint upon William J. McKenney, the attorney representing defendant in the case. In 1981, when defendant terminated his contract with plaintiff, McKenney informed plaintiff that in the event plaintiff contemplated litigation McKenney would accept service of process for defendant.

Plaintiff assumed that McKenney would still accept service when this action was brought. On December 15, 1983, however, McKenney informed plaintiff that he was no longer authorized to accept service of process on defendant's behalf. Neither defendant's counsel nor his former employer in Atlanta was able to tell plaintiff of defendant's whereabouts. Plaintiff made extensive inquiries and finally located defendant in Cleveland. Prompt arrangements were made for personal service on defendant.

Although the "good cause" standard of Rule 4(j) has, as yet, been subject to little judicial elaboration, *see Sanders v. Marshall*, 100 F.R.D. 480 (W.D.Pa.1984); *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984), the court has no difficulty concluding that plaintiff had good cause for the 14 day delay at issue here. The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertance. *Arroyo v. Wheat*, 102 F.R.D. 516 (D.Nev.1984); *Coleman v. Greyhound Lines, Inc., supra*, 100 F.R.D. at 477. Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120 day deadline be extended. 1982 U.S.Code Cong. & Ad. News 4434, 4442. While it would be prudent for a plaintiff who will be unable to complete service within the statutory period to move for an enlargement of time under Rule 6(b) prior to the running of the 120 days, the failure to do so does not mandate dismissal under Rule 4(j). In this case, plaintiff was diligent in his efforts to serve defendant and he did, in fact, complete service only 14 days after the deadline. Defendant has not alleged that he was prejudiced in any way by the brief delay. Under these circumstances, dismissal is unwarranted.

*Personal Jurisdiction*

The court has considered this motion on affidavits alone. No evidentiary hearing has been held. Therefore, plaintiff need only make a *prima facie* showing of jurisdiction through his own affidavit to avoid dismissal. Although plaintiff must

ultimately establish the court's jurisdiction over defendant by a preponderance of the evidence, at this stage a *prima facie* showing will suffice, even if defendant challenges the facts asserted by plaintiff. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir.1983); *Mayes v. Leipziger*, 674 F.2d 178, 182 n. 3 (2d Cir.1982); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). Accordingly, for present purposes, the court has accepted plaintiff's version of the relevant facts.

On April 8, 1980, defendant wrote to plaintiff forwarding him a videotape of his work and soliciting plaintiff's professional advice. This was the first contact between the parties. On April 19, defendant came to New York and spent most of the day at plaintiff's office. During this meeting, plaintiff explained the nature of the services he offered, as well as the terms and conditions of the written representation agreement he presented to defendant. The parties agreed to a four year representation arrangement at that time. The contract was signed by defendant several days later in Atlanta.[1] Plaintiff contends that defendant's activities in New York on April 19 constitute a transaction of business within the meaning of NYCPLR. § 302(a)(1).[2]

The New York courts routinely assert § 302(a)(1) jurisdiction over defendants in breach of contract suits even in those cases in which the contract itself was signed out of state. In the leading case of *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965), the Court of Appeals stated that

> even though the last act marking the formal execution of the contract may not have occurred within New York, the statutory test may be satisfied by a showing

of other purposeful acts performed by the [defendant] in this State in relation to the contract, albeit preliminary or subsequent to its execution.

261 N.Y.S.2d at 18, 209 N.E.2d at 75. In this case, while in New York, defendant participated in extensive, substantial negotiations essential to the formation of the contractual relationship. Such purposeful pre-execution activity satisfies the § 302(a)(1) test. *Liquid Carriers Corp. v. American Marine Corp.*, 375 F.2d 951 (2d Cir.1967); *M.L. Byers, Inc. v. HRG Productions, Inc.*, 492 F.Supp. 827 (S.D.N.Y. 1980) (Knapp, J.); *see George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977).

Plaintiff also points to his own activities in New York undertaken as defendant's agent. Although the rule has been criticized, it is the law in New York that an agent-plaintiff's in-state activities cannot be imputed to the principal-defendant for jurisdictional purposes. *Mayes v. Leipziger*, *supra*, 674 F.2d at 181 n. 2; *Oliver Promotions Ltd. v. Tams-Witmark Music Library, Inc.*, 535 F.Supp. 1224, 1229–30 (S.D.N.Y.1982) (Leval, J.); *Haar v. Armendaris Corp.*, 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973), *reversing* 40 A.D.2d 769, 337 N.Y.S.2d 285 (1st Dep't. 1972) "on the dissenting opinion at the Appellate Division." Nevertheless, in the court's view, defendant's April 19 New York negotiations with plaintiff, standing alone, constitute a transaction of business in this state. As this lawsuit arises out of that transaction of business, the court may properly assert jurisdiction over defendant.

*Conclusion*

Plaintiff had good cause for the 14 day delay in service of process. Although the burden on the issue will remain with plain-

---

1. According to defendant, the meeting lasted only two hours, "no negotiations were held and the terms of the contract were not discussed." Newell Aff. ¶¶ 4 and 6. It is difficult to believe that defendant would have signed a four year agreement costing him 10% of his gross income without discussing the matter, but in any case, as noted above, plaintiff need only make a *prima facie* showing at this point.

2. As subject matter jurisdiction rests on diversity of citizenship, the court must look to New York law to determine whether it has jurisdiction over defendant. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963).

tiff at trial, he has, through his affidavit, made out a *prima facie* case for the court's jurisdiction over defendant. The motion to dismiss is denied.

IT IS SO ORDERED.