## Gary BURTON

v.

## Officer BAILY Badge No. 1444 of the Philadelphia Police Department (25th) District.

### Civ. A. No. 85–4958.

United States District Court,
E.D. Pennsylvania.

June 11, 1986.

Gary Burton, pro se.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Plaintiff in this case is a prisoner and a pro se litigant proceeding *in forma pauperis.* He filed his complaint on September 19, 1985. A summons was issued on the same day.

Service of the summons and complaint was undertaken by the United States marshal, pursuant to Rule 4(c)(2)(B)(i) of the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 4(c)(2)(B)(i). The marshal attempted service of the complaint and summons by mail on September 20, 1985. On December 12, 1985, the summons was returned marked "unknown." Plaintiff made no further efforts to complete service of process upon defendant.

On March 17, 1986, the Clerk of Court advised plaintiff that he should provide the marshal with better information in order to effectuate service upon defendant. In the same letter, plaintiff was also advised that the Court would consider dismissal of his action if the marshal did not receive the necessary information. This letter was sent to plaintiff at his prison address. The letter subsequently was returned to the Clerk, marked "return to sender[,] not on file."

On April 18, 1986, my deputy clerk wrote to plaintiff at a different address. Plaintiff clearly was advised that the defendant had not yet been served. He was further advised on how to proceed in the event that he wished to attempt service again. He also was advised of his responsibility to ensure service upon defendants, and that his suit would be subject to dismissal for failure to prosecute if service was not completed. Finally, he was advised to notify the Clerk's office of any change of address.

Despite this notice, plaintiff still has not served the defendants. Thus, he has ex-

ceeded the 120-day time limit for service of process provided by Rule 4(j) of the Federal Rules of Civil Procedure. In fact, nearly twice that time has elapsed since plaintiff first filed his complaint.

Under Rule 4(j), if service is not completed within 120 days and the plaintiff "cannot show good cause why such service was not made within that period," then "the action shall be dismissed ... without prejudice upon the Court's own initiative...." *See* Fed.R.Civ.P. 4(j). Plaintiff has had ample time to complete service and has failed to do so. Therefore, it is appropriate to dismiss his complaint in accordance with Rule 4(j). *See Burks v. Griffith,* 100 F.R.D. 491 (N.D.N.Y.1984). Nonetheless, plaintiff is a pro se litigant; in fairness, he should have an opportunity to show good cause why he has not completed service of process. Therefore, plaintiff will have twenty days in which to establish, by affidavit or other competent evidence, why he failed to serve defendant. At the same time, he should also establish that there is a reasonable prospect that he can effect proper service upon defendant in the near future. *See Watts v. Lyon,* No. 84–2593, slip op. (E.D.Pa. May 28, 1986). [Available on WESTLAW, DCTU database].