**Eugenia DELICATA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 86 Civ. 4274 (CSH).**

United States District Court, S.D. New York.

July 28, 1987.

6. *Id.*

Dorfman & Lynch, Nyack, N.Y., for plaintiff; Allan Rubin, of counsel.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., for defendant; Diogenes P. Kekatos, Sp. Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff filed this action seeking judicial review of a decision made by the Secretary of Health and Human Services denying her disability insurance benefits and Supplemental Security Income benefits based on disability. The action was brought pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). Jurisdiction for this action is proper under 28 U.S.C. § 1331, and venue is proper under 28 U.S.C. § 1391(e).

The complaint was filed on May 30, 1986. The defendant, however, was not served with the summons and complaint until November 13, 1986—47 days after the 120 day deadline for service imposed by Rule 4(j), F.R.Civ.P. That rule provides, in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Defendant now moves to dismiss pursuant to Rule 4(j).

■ Rule 4(j) was enacted "... to encourage prompt movement of civil cases in federal court." 2 J. Moore *et al*, *Moore's Federal Practice* ¶ 4.46 at 4–433 n. 8 (2d ed. 1987). As responsibility for service was shifted from United States Marshals to private individuals, the 120 day deadline was added to Rule 4 to help insure timely ser-

vice. *Sanders v. Marshall*, 100 F.R.D. 480, 482–83 (W.D.Pa.1984) (citing House Rep. 7154—Federal Rules of Civil Procedure Amendments Acts of 1982). Thus, the deadline under Rule 4(j) was meant to be strictly construed; the availability of extensions of time under Rule 6(b) ensures that the operation of Rule 4(j) will not be unduly harsh. *Burks v. Griffith*, 100 F.R.D. 491, 492 (N.D.N.Y.1984). Hence, if a plaintiff fails without good cause to serve process within 120 days of filing, dismissal is mandatory. *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y.1984); F.R.Civ.P. 4(j) (if service is not timely made and plaintiff cannot show good cause for the failure, lawsuit "shall" be dismissed).

■ Dismissal can be avoided under Rule 4(j) if the plaintiff can show "good cause" for the delayed service. *See, e.g., Geller, supra*, 602 F.Supp. at 502 (S.D.N.Y. 1984) (motion for a Rule 4(j) dismissal denied where defendant's attorney, upon whom service had been timely made, was no longer authorized to receive service, causing plaintiff to locate and serve defendant fourteen days late). Attorney inadvertence or negligence, however, do not constitute good cause. *Winters v. Teledynes Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985), citing *Geller, supra*, 602 F.Supp. at 502; *Coleman v. Greyhound Lines*, 100 F.R.D. 476 (N.D.Ill.1984).

■ In the case at bar, the plaintiff's attorney has not shown good cause for serving process 47 days after the 120 day deadline. Essentially, he says the summons and complaint were not timely served because of a clerical error in his office. Under the cited cases, this claim of inadvertence does not constitute "good cause."

■ Plaintiff asserts that the complaint should not be dismissed because defendants have shown no prejudice due to untimely service. It is true that in deciding Rule 4(j) motions to dismiss, some courts have considered the extent to which the defendant has been prejudiced by the delayed service. *See, e.g., United States v. Jack Cozza, Inc.*, 106 F.R.D. 264, (S.D.N.Y. 1985); *Geller, supra*, 602 F.Supp. at 502. *But see Boykin v. Commerce Union Bank*, 109 F.R.D. 344, 348 (W.D.Tenn.1986) (holding prejudice to defendant irrelevant under Rule 4(j) in light of the purposes of the 120 day limit); *Moore's Federal Practice, supra*, ¶ 4.46 at 4–433 n. 8 (prejudice to defendant not relevant in light of purpose of Rule 4(j)). However, these courts also found that plaintiff had been diligent in attempting to make service. *See Jack Cozza, supra*, 106 F.R.D. at 268; *Geller, supra*, 602 F.Supp. at 502. No such showing has been made here. Even if prejudice may be taken into account where plaintiff has offered legitimate reasons for delay—a question upon which I express no view— the plain language of Rule 4(j) leaves no room for excusing untimely service where there is total failure to show good cause.

■ Plaintiff's counsel argues in opposition to the present motion that to grant it "would effectively forever deny plaintiff the opportunity to obtain benefits." Rubin affirmation at ¶ 14. Presumably this was intended as a statement that the applicable statute of limitations would preclude plaintiff from refiling her claim. I do not know whether or not that is so. But it makes no difference, because the strictures of Rule 4(j) provide no exception for cases where refiling would be time-barred. *Winters, supra*, at 1307; *Wei, supra*, at 377; *Burks, supra*, at 492–93; *Moore's Federal Practice, supra*, at 4–435. It makes no difference in this regard that the Social Security laws were passed to achieve social goals. *Wei, supra*, holds that where plaintiff failed to show good cause for delay in making service, dismissal was mandatory despite the fact that plaintiff's Title VII action for discrimination would be time barred. In *United States ex rel DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707, 711 n. 5 (9th Cir.1985), the Ninth Circuit specifically rejected plaintiff's argument that dismissal after the expiration of the limitations period effectively turned a Rule 4(j) dismissal into one with prejudice contrary to congressional intent. The Ninth

Circuit noted: "The legislative history of Rule 4(j) is to the contrary. Congress recognized the possibility that dismissal after the expiration of a statute of limitations could bar a plaintiff from bringing an action."

If the federal Department of Health and Human Services wrongfully deprived plaintiff of benefits to which she was entitled, and by inadvertence of her attorney that just claim is now time-barred the result is unfortunate but beyond my power to remedy. Plaintiff must pursue, if so advised, a remedy against her attorney.

The Clerk of the Court is directed to dismiss the complaint pursuant to Rule 4(j), without prejudice and without costs.

Plaintiff's counsel is directed to deliver or to mail to plaintiff forthwith a complete copy of this Memorandum Opinion and Order.

It is SO ORDERED.