**E.J. NOVAK and Debra Studer, Plaintiffs,**

v.

**NATIONAL BROADCASTING COMPANY INC., NBC Productions, Inc., Brandon Tartikoff, Broadway Video, Inc., Lorne Michaels, Dinah Minot and Don Novello, Defendants.**

**No. 88 Civ. 5380 (RWS).**

United States District Court, S.D. New York.

May 15, 1990.

E.J. Novak and Debra Studer, New York City, pro se.

Cahill Gordon & Reindel, P.C., New York City (Thomas R. Jones, James Sandnes, Judith A. Archer, of counsel), for defendants.

OPINION

SWEET, District Judge.

Plaintiffs, E.J. Novak and Debra Studer ("Novak and Studer") have moved by order to show cause for leave to serve defendant Don Novello ("Novello") with a supplemental summons and amended complaint. For

the reasons set forth below, this motion is denied.

*Prior Proceedings*

The long and tortuous attempt to serve Novello is set forth in this court's opinion dated February 9, 1990. In that opinion, NBC's motion to dismiss for failure to serve was granted without prejudice. On March 7, 1990, Novak and Studer sought, by order to show cause, leave to reserve Novello. Oral argument was heard on this and various discovery issues on March 16, 1990 and this motion was considered fully submitted as of that date.

*There is no action pending against Novello*

■ The February 9, 1990 opinion dismissed the complaint as against defendant Novello because Novello had yet to be served. Although the dismissal was without prejudice, prior to February 9, the three year statute of limitations for copyright claims had run and thus serves to bar Novak and Studer's attempt to continue to serve Novello. *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2nd Cir.1990) (dismissal without prejudice under 4(j) may bar subsequent action for plaintiffs against whom the statute of limitations has run).

Although federal courts have settled the interrelationship between Rules 3 and 4 of the Federal Rules of Civil Procedure in that federal limitation periods are tolled from the date that a suit is filed, the filing of the complaint does not permanently toll the statute of limitations. *See* 4 C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 1051 at 158 (2d ed. 1987). Instead, the tolling of the statute contemplates that service is effected within a reasonable time period after the filing of the complaint. *Maxwell v. Swain*, 833 F.2d 1177, 1178 (5th Cir.1987). A determination of "reasonable time" is made on a case-by-case basis and courts look at whether plaintiffs have slept on their rights. If the statute runs after filing of the complaint but before effective service of the summons and the case is later dismissed without prejudice pursuant to Rule 4(j), the statute of limitations will bar any refiling.

*See, Delicata v. Bowen*, 116 F.R.D. 564, 566–67 (S.D.N.Y.1987). *See also Hilton International Co. v. Union De Trabajadores De La Industria Gastronomica De Puerto Rico*, 833 F.2d 10, 11 (1st Cir.1987) ("dismissal by the court for punitive or other reasons, even though labelled 'without prejudice' is, in fact, with prejudice if the statute of limitations has run").

*No Cause Exists to Permit Service on Novello*

■ No cause exists to permit Novak and Studer to evade the rules of timely service and thereby escape the operational bar of the statute of limitations. Novak and Studer assert that good cause for delay exists because neither plaintiff knew about LeBoeuf, Lamb, Leiby & MacRae's ("LLL & M") failure to serve Novello at some point between LLL & M's notification that the attempted service on NBC was flawed and LLL & M's withdrawal from the case. After Studer realized that Novello had not been served, Novak and Studer moved deliberately, but unsuccessfully, to attempt to effect service on Novello. The question presented is whether the failure to discover the lack of proper service on Novello constituted "good cause" to warrant the delay between the time the 120–day period elapsed after the filing of the complaint and the time Novak and Studer moved for another extension of time.

A determination of "good cause" may rest on several factors, including whether the plaintiff made efforts to effect service or requested an extension of time to serve pursuant to Federal Rule of Civil Procedure 6(b), whether the failure to serve was the result of inadvertence and in some cases, whether the defendant has been prejudiced. *Reed Holdings Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 442 (S.D.N.Y.1988). It is well-established that attorney inadvertence or negligence does not establish good cause for failure to serve within the prescribed time period. *Delicata v. Bowen*, 116 F.R.D. 564, 565 (S.D.N.Y.1987). Nor does ignorance of the law constitute good cause for untimely service. *See Sipes v. Galaxy Airlines, Inc.*, 119 F.R.D. 691, 693 (D.Nev.1988) (rule that ignorance of

the law is not good cause "applies as well to *pro se* litigants, who must follow the rules of procedure").

Novak and Studer's contention that they did not know of LLL & M's failure to effect service cannot be considered "good cause" to warrant the extension of time to effect service. The loss of counsel does not excuse failure to serve timely process pursuant to rule 4(j). *See Koppelman v. Schaller*, No. 87 Civ. 912 (MBM), slip op. at 4 (S.D.N.Y. September 15, 1988) (complaint dismissed for failure to serve defendant until six months after filing because "[c]hanges in legal counsel, no matter how disruptive, do not excuse failure to serve process within the time indicated in Rule 4(j)"). The 120–day time period was to expire after LLL & M's withdrawal. LLL & M had sufficient time to serve Novello and their failure or inadvertence to do so does not constitute good cause.

Although Novak and Studer may not have known that LLL & M failed to serve Novello, the last information Novak and Studer had on this subject was LLL & M's August indication that attempted service on Novello had failed. It was incumbent on Novak and Studer to ascertain whether service had been properly made. Assumptions contrary to the last known information, although convenient, do not constitute good cause for failure to serve. Novak and Studer had an obligation to preserve their ability to serve by filing a 6(b) motion at the time of LLL & M's withdrawal and at the very least had an obligation to ascertain whether service had been successful some time prior to mid–1989. Although Novak and Studer sought other counsel and eventually decided to proceed *pro se,* eight months was not a reasonable time period to allow to elapse prior to ascertaining that service had not yet been made.

The alleged infringement of the "Gangster" skit occurred on December 21, 1985 and thus the statute of limitations period expired as of December 22, 1988 as to defendant Novello. Consequently, the dismissal without prejudice operates to bar Novak and Studer's complaint against Novello because the statute of limitations has run and Novak and Studer have failed, without a showing of good cause, to serve Novello within a reasonable time after the filing of the present complaint.

For the foregoing reasons, Novak and Studer are denied leave to serve Novello. Settle order on notice.

It is so ordered.