**Doudou B. JANNEH, Plaintiff,**

v.

**The REGENCY HOTEL, BINGHAMTON, Defendant.**

No. 92–CV–1260.

United States District Court, N.D. New York.

March 11, 1995.

**6**

Doudou B. Janneh, Binghamton, NY, pro se.

O'Connor, Gacioch & Pope (Jeffrey A. Tait, of counsel), Binghamton, NY, for defendant.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

This action was terminated by an order entered on November 25, 1994 and a corresponding judgment entered by the clerk on November 28, 1994. In its order, the court granted defendant's motion for summary judgment in its entirety and denied plaintiff's motion for summary judgment. Plaintiff now seeks reconsideration of this decision.

### II. DISCUSSION

#### A. Standard for Reconsideration

■ A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Larsen v. Ortega*, 816 F.Supp. 97, 114 (D.Conn.1992). Plaintiff does not state which one of these grounds he asserts as a basis for reconsideration.

#### B. Application to the Facts

■ Here, plaintiff reasserts one of the same arguments in his original summary judgment motion: that his claim was actually *filed* on August 20, 1994 when he turned over his *in forma pauperis* application and complaint to the clerk's office. Plaintiff argues that the clerk's office stamped both of these documents on August 20th, which he believes is a showing that the complaint was filed at that time. However, the documents themselves clearly indicate that they were "received" rather than "filed" by the clerk's office on that date. Neither document was "filed" until October 1, 1992, as clearly stated in the court's previous order.

Although the court was correct in finding that the complaint was not filed until October 1, 1992, and it is procedurally proper to delay filing the complaint until after the *in forma pauperis* application has been reviewed, certain case law clarifies that "although a complaint tendered *in forma pauperis* cannot technically be 'filed' until leave to proceed *in forma pauperis* has been granted, the limitations period is tolled by the lodging of the complaint." *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 149 (E.D.Pa. 1981); *Mitchell v. Hendricks*, 68 F.R.D. 564, 568 (E.D.Pa.1975); *Rosenberg v. Martin*, 478 F.2d 520, 522 n. 1a (2d Cir.1973). The 90–day period is tolled when the plaintiff files his *in forma pauperis* application and remains tolled while the application is pending. *Johnson v. Brown*, 803 F.Supp. 1414, 1416 (N.D.Ind.1992). Thus, the 90–day limitation period on Title VII actions was tolled by the court clerk's receipt of the complaint on August 20, 1992 even though it was not filed until October 1, 1992 after the Magistrate Judge's grant of *in forma pauperis* status.

This requires the court to reconsider its decision to grant summary judgment in favor of the defendant because it is necessary to remedy a clear error of law. In regard to the Title VII claim, the court finds that summary judgment cannot be granted in favor of either party at this time, for even though defendant's untimely filing argument has been rejected, material questions of fact preclude a grant of summary judgment in favor of the plaintiff.[1] This ruling in no way changes the court's previous decision to dismiss plaintiff's common law claims and the

---

1. Plaintiff admits that there are material questions of fact outstanding as to his Title VII claim.

*See, e.g., Pltf. Notice of Motion, 11/1/94* (stating that genuine issues of material fact remain).

claims under 42 U.S.C. §§ 1981,[2] 1988, and New York Human Rights Law as each of these claims was properly dismissed independent of any ties to the Title VII claim. The court therefore reinstates plaintiff's Title VII claim and finds that it was timely presented to the court. The court leaves intact its order filed November 25, 1994 as to the disposition of all other claims in this action.

**IT IS SO ORDERED.**

2. Plaintiff's argument for reconsideration of the court's decision to dismiss the §§ 1981 and 1988 claims is without merit and was fully addressed in the November 25, 1994 order.