Gerald GAINES, Plaintiff,

v.

Arnette P. GASTON, Warden of C–95, Deputy Warden Pryor, Correction Officer Whitetag, and Dr. Lopez Defendants.

No. 92 CIV. 0643(DNE).

United States District Court, S.D. New York.

Oct. 28, 1998.

## OPINION & ORDER
EDELSTEIN, District Judge.

### Background

Plaintiff, Gerald Gaines ("Gaines"), proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against Defendants, Warden of C–95, Arnette P. Gaston ("Gaston"), Deputy Warden Pryor ("Pryor"), Correction Officer Whitetag ("Whitetag"), and Dr. LOPEZ ("Lopez") for recovery of compensatory damages in an unspecified amount for injuries allegedly sustained while he was in custody at Riker's Island in 1991.[1]

On September 8, 1998, this Court issued an opinion, in which this Court, *inter alia*, accepted and adopted Magistrate Judge Bernikow's Report and Recommendation, dismissing the complaint against Defendant Gaston. *See Gaines v. Gaston*, No. 92 Civ. 0643, 1998 WL 574380, at *2 (S.D.N.Y. September 8, 1998). This Court also ordered that Plaintiff have until October 2, 1998 to show good cause why service of process had not been made on Pryor, Whitetag, and Lopez. *Id.* at *6. After reviewing Plaintiff's papers, it is this Court's determination that Plaintiff has failed to show good cause. Therefore, Plaintiff's complaint is hereby dismissed *sua sponte* with regard to the remaining defendants.

### Discussion

Rule 4(m) of the Federal Rules of Civil Procedure (the "Rules") requires that a plaintiff serve the summons and complaint upon the defendant(s) within 120 days after filing. Fed R. Civ. P. 4(m). If proper service is not made within the prescribed time frame, a court may dismiss the action upon "its own initiative after notice to the plaintiff." *Id.* A plaintiff, however, may save himself or herself from the fate of a dismissal if he or she is able to demonstrate to the court good cause as to why service was not properly effectuated. *Id.*

It is difficult to completely understand all of Plaintiff's assertions in his letter of September 25, 1998 responding to this Court's September 8, 1998 order, because his written English is somewhat unclear. Nonetheless, it is evident that no valid reason exists to excuse Plaintiff's failure to comply with the rules of procedure.

Plaintiff acknowledges his responsibility to comply with the Rules and informs this Court that he served the Defendants in question by regular mail. *See* Letter from Plaintiff Gaines to Magistrate Judge Bernikow of 9/25/98 ("Gaines Letter") at 2. Yet, as Defense Counsel correctly points out in her response papers to this Court, Rule 4(e), which addresses service of process upon individuals, does not authorize service by regular mail. *See* F.R.C.P. Rule 4(e); *see also* Letter from Kerri L. Jew, Assistant Corporation Counsel to Honorable David N. Edelstein of 10/2/98 at 1. Rule 4(e) only permits service either "pursuant to the law of the state in which the court is located, or in which service is effected," or by personal delivery to the defendant, to a person of suitable age located at the defendant's dwelling, or to an agent authorized by law to receive service. *Id.* Moreover, because § 308 of the New York Civil Practice Law and Rules, which addresses service of process, also does not allow service by regular mail, Plaintiff's alleged service by regular mail is inadequate. N.Y. Civ. Prac. L. & R. § 308 (McKinney 1990).[2]

Additionally, it is curious that while Plaintiff was able to serve process properly upon Defendant Gaston, he was unable to comply with respect to Defendants Pryor, Lopez, and Whitetag. All Plaintiff offers to this Court is a conclusory statement, without any detail or explanation, that to his belief, Pryor, Lopez, and Whitetag all received a

---

1. The facts of this action have been set forth in Magistrate Judge Bernikow's Report and Recommendation, *see Gaines v. Gaston*, No. 92 Civ. 0643 (S.D.N.Y. Feb. 20, 1998), and thus only the facts necessary for resolving the instant matter will be reviewed.

2. Upon motion to the court, Section 308 does, however, allow an improvised method of service of process if those enumerated in the rule are "impracticable." N.Y. Civ. Prac. L. & R. § 308 (McKinney 1990). Plaintiff never made a motion to this Court requesting an alternative method of service.

copy of the summons and complaint. Gaines Letter at 3. No proof of any kind demonstrating that service was completed on those Defendants is listed on this Court's docket. Instead of establishing good cause to this Court, Plaintiff merely provides unjustifiable and illogical excuses.

*Conclusion*

IT IS HEREBY ORDERED THAT the action against Defendants Pryor, Whitetag, and Lopez be dismissed without prejudice for failure to serve process.

SO ORDERED