**Jose Alberto OCASIO, Plaintiff,**

v.

**FASHION INSTITUTE OF TECHNOLOGY, Joan Volpe, Barbara Janoff, Barbara Lovato, and Carol Desantis Defendants.**

**No. 99 CIV. 5919(JES).**

United States District Court, S.D. New York.

March 6, 2000.

Jose Alberto Ocasio, New York City, for Plaintiff pro se.

McGuire, Kehl, & Nealon, LLP, New York City, Andrea Green, of counsel, for Defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* brings this action against defendants Fashion Institute of Technology ("FIT"), Joan Volpe, Barbara Janoff, Barbara Lovato and Carol DeSantis alleging employment discrimination under Title VII of the Civil Rights Act of 1964 as amended by 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").[1] Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to comply with the 90–day statute of limitations imposed on actions brought pursuant to Title VII and the ADEA. For the reasons stated below,

---

1. The Court construes plaintiff's complaint that he was discriminated on the basis of his age as a claim arising under the ADEA.

defendants' motion to dismiss shall be granted.

## BACKGROUND

Plaintiff was employed by the defendants as an administrative clerk from October 1991, until his termination on July 31, 1995. Plaintiff alleges that in the course of his employment he "began having problems" with his supervisor, defendant Joan Volpe, because she apparently harbored some "personal Animus (sic)" toward him. *See* Complaint at 3. Plaintiff further asserts that he was terminated because of his age, race and gender. *See id.* at 3–4.

On October 4, 1995, plaintiff filed a verified complaint with the New York State Division of Human Rights ("NYSDHR"). *See* Complaint at Exhibit ("Ex.") 1. After an investigation, the NYSDHR investigator assigned to the case determined that "there is NO PROBABLE CAUSE to believe that said respondent engaged ... in the unlawful discrimination complained of" and dismissed plaintiff's complaint. *See id.* (emphasis in original). He also advised plaintiff of his right to seek review of his claim to the Equal Employment Opportunity Commission ("EEOC") since he filed his charge under Title VII and the Americans with Disabilities Act ("ADA"). *See id.*

Thereafter, plaintiff sought review of his claims from the EEOC. By letter dated February 11, 1998, the EEOC determined that, after investigating the allegations in his complaint, "the evidence ... does not establish violations of [Title VII or the ADA]." *See* Complaint at Ex. 2. However, in the same letter, the EEOC advised him of his right to pursue the action by filing a private suit within 90 days from the receipt of the letter (the "right-to-sue letter"). *See id.*

On May 13, 1998, this Court's Pro Se Office received from plaintiff a complaint and declaration requesting that he be permitted to proceed *in forma pauperis* ("IFP"). *See* Declaration in Support of Request to Proceed In Forma Pauperis dated May 13, 1998 at 1. On July 6, 1998, the Court granted plaintiff's application to proceed IFP, and on July 17, 1998, the Court filed plaintiff's complaint with the Clerk of Court (the "Clerk"). The Clerk subsequently assigned this complaint docket number 98 Civ. 5078.

On December 28, 1998, the Court *sua sponte* issued an Order directing that unless plaintiff could show that defendants had been served or good cause why they had not been served, the Court would dismiss the action for failure to effect service within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Order dated December 28, 1998. On January 27, 1999, plaintiff filed an unsworn "declaration" in response to the Court's Order, stating that he timely requested the United States Marshals Service (the "Marshals") to serve the amended summons and complaint upon defendants on November 11, 1998. *See* Declaration of Jose Alberto Ocasio dated January 27, 1999. He also attached a photocopy of the "Process Receipt and Return" form ("process form") that he submitted to the Marshals to serve defendants. *See id.* at 2. The process form, signed by plaintiff, indicated that plaintiff submitted his request to the Marshals on November 19, 1998. *See id.*

After reviewing both plaintiff's "declaration" and the process form, the Court determined that a factual discrepancy existed between them, to wit: plaintiff's declaration stated that he requested the Marshals to serve the defendants on November 11, 1998, while the process form that he attached to his declaration stated that he requested them to serve on November 19, 1998 (more than 120 days after the filing of his complaint). Accordingly, in an attempt to provide plaintiff with an opportunity to explain the discrepancy and/or show cause for his apparent failure to comply with Rule 4(m), the Court issued an Order on January 27, 1999, directing plaintiff to demonstrate by affidavit specific reasons

for his failure to timely serve defendants. *See* Order dated January 27, 1999.

On February 25, 1999, plaintiff in an unsworn affidavit repeated his prior assertion that he requested the Marshals to serve the defendants on November 11, 1998, before the expiration of the 120 days provided for by Rule 4(m). *See* Plaintiffs (sic) Supplementary Brief in Support of (sic) Opposition (sic) of Motion to Dismiss Complaint dated February 25, 1999 at 2–3.

Thereafter, the Court directed the parties to appear on March 30, 1999, for a hearing to determine whether plaintiff had requested the Marshals to serve defendants on November 11, 1998 or on November 19, 1998. *See* Order dated March 8, 1999. Plaintiff signed for and received a copy of this Order which was sent by certified mail. *See* Summary Order dated March 31, 1999.

On March 30, 1999, plaintiff failed to appear at the hearing, request an adjournment or otherwise contact the Court. *See* Transcript of Hearing held on March 30, 1999, ("Tr.") at 1. After concluding that the unrefuted documentary evidence established that the plaintiff requested the Marshals to serve defendants on November 19, 1998, more then 120 days after the filing of the Complaint, the Court dismissed the action without prejudice for failure to comply with Rule 4(m).[2] *See* Tr. at 3–4; Summary Order dated March 31, 1999, at 2. Plaintiff never moved for reconsideration of this decision, nor was an appeal taken.

On July 26, 1999, plaintiff filed the instant action bearing docket number 99 Civ. 5919 against the same defendants alleging the same claims.

Defendants now move to dismiss the instant case because it is barred by the applicable statute of limitations. Moreover, defendants argue that there are no equitable reasons that justify tolling the statute of limitations in this case. In response, plaintiff, without addressing the substance of defendants' motion, moves to disqualify this Court on the basis of the Court's prior adverse decisions, the Court's alleged engagement in *ex parte* communications with defendants' counsel, and the Court's purported violation of its own Individual Rules and Procedures. *See* Amended Notice Memorandum of Points and Authorities in Support of Plaintiff's Request for Disqualification pursuant to 28 U.S.C. §§ 455(a), 144 and 455(b)(1) ("Rec. Mot.") at 1, 6–7.

## DISCUSSION

### I.

Under both 28 U.S.C. §§ 144 and 455(b)(1), a judge shall recuse himself from a pending matter where a party sufficiently demonstrates that the judge has an actual "personal bias or prejudice" against a party. The source of the bias or prejudice must normally be based on extrajudicial conduct. *See Apple v. Jewish Hospital and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987); *Curley v. St. John's University,* 7 F.Supp.2d 359, 362 (S.D.N.Y.1998). "Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte,* 99 F.3d 60, 65 (2d Cir.1996) (internal citations omitted). Thus, a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality. *See id.*

The gravamen of plaintiff's recusal motion is that the Court's decisions in the prior action were hostile and prejudicial, that the Court engaged in *ex parte* communications with defendants' counsel, and

---

**2.** It is worth noting that the Clerk stamped the summons that plaintiff ultimately delivered to the Marshals on November 18, 1998. This further supports the conclusion that plaintiff did not ask the Marshals to serve the defendants on November 11, 1998. *See* Tr. at 2.

that the Court dispensed with its Individual Rules and Procedures by permitting defendants to file a motion without a pre-motion conference. *See* Rec. Mot. at 1, 6–7.

▉ Plaintiff's recusal motion must be denied. The Court's decision to dismiss plaintiff's original complaint, as discussed above, was made only after giving the plaintiff an ample opportunity to demonstrate that he had complied with Rule 4(m). That plaintiff is displeased with the Court's decision is, of course, no reason to grant plaintiff's motion to recuse. Likewise, plaintiff's allegation that the Court engaged in *ex parte* communications with the defendants' counsel is also without merit since no *ex parte* communications ever occurred. Plaintiff's reliance on letters sent by defendants' counsel to the Court as evidence of these purported *ex parte* communications is misplaced since the defendants' attorney copied plaintiff on all such correspondence. Finally, the Court's waiver of its Individual Rules and Procedures to permit defendants to file a motion without a pre-motion conference, a decision clearly within the Court's discretion to make, provides no evidence that the Court is biased and certainly is no ground for recusal.[3] Thus, plaintiff's motion must be denied.

### II.

It is well-established that a claim brought under Title VII or under the ADEA must be commenced within 90–days of a grievant's receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d Cir.1996); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994). Rule 3 of the Federal Rules of Civil Procedure provides that "a civil action is commenced by *filing* a complaint with the Court." (emphasis added). However, where, as here, a plaintiff is proceeding

*pro se*, numerous courts have held that simultaneous delivery of both a request to proceed IFP and a complaint with the court tolls the 90–day statute of limitations period in discrimination cases. *See Janneh v. Regency Hotel, Binghamton*, 879 F.Supp. 5, 6 (N.D.N.Y.1995) ("The 90–day period is tolled when the plaintiff files his *in forma pauperis* application and remains tolled while the application is pending.") (McAvoy, J.); *Stephenson v. CNA Fin. Co.*, 777 F.Supp. 596, 598–599 (N.D.Ill. 1991) (same); 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 3.02[7] (3rd ed.1999) (collecting cases).

▉ Here, plaintiff *pro se* delivered his request to proceed IFP and his complaint to this Court's Pro Se Office on May 13, 1998. Since it is presumed that the EEOC mailed plaintiff's right-to-sue letter on the date shown on the letter (*i.e.*, February 11, 1998), and that it was received three days later, *see Sherlock*, 84 F.3d at 525–26, plaintiff's May 13, 1998 delivery of his IFP request and complaint tolled the 90–day statute of limitations before the 90 days had run. Thus, the Court's subsequent decision to grant plaintiff's IFP application and accept his original complaint for filing all occurred within the statute of limitations period.

Defendants argue that the Court's dismissal of plaintiff's complaint without prejudice in the original action on March 31, 1999 for failure to comply with Rule 4(m) effectively dismissed plaintiff's complaint with prejudice. Defendants contend that this dismissal without prejudice left the situation as if the complaint in that action had never been filed. Since plaintiff received his right-to-sue letter from the EEOC on February 11, 1998, and did not file his complaint in this action until some 17 months later (on July 26, 1999), defendants argue that the 90–day period in which to file his complaint had long since

---

**3.** For the same reasons, plaintiff's allegation that the Court should recuse itself because of an appearance of bias is without merit.

run. Furthermore, defendants insist that no equitable reasons justify extending the statute of limitations in the instant action.

 The Court agrees with defendants that plaintiff's complaint is time-barred and must be dismissed, but for slightly different reasons. Rule 4(m)[4] provides, in relevant part, that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

This provision has been interpreted by the Second Circuit to require a district court to dismiss an action where a plaintiff has failed to serve a defendant within 120 days after the filing of the complaint, unless the plaintiff can establish "good cause." *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir.1994); *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir.1990) (interpreting Rule 4(j)); *Santos v. State Farm Fire and Casualty Company*, 902 F.2d 1092, 1094–95 (2d Cir.1990). While a dismissal under Rule 4(m) is normally without prejudice, under certain circumstances, such a dismissal can bar a plaintiff from subsequently litigating his claims. During the 120 days after the filing of the complaint the statute of limitations on the underlying claims is effectively tolled. *See Frasca*, 921 F.2d at 453. However, if a plaintiff fails to effect service during the 120 days allotted by Rule 4(m), then the statute of limitations for the underlying claim again

becomes applicable, and may serve to bar the claim if the statute runs before the plaintiff files another complaint. *See id.* Thus, dismissal is proper under Rule 4(m), "even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim." *See id.; McKibben v. Credit Lyonnais*, No. 98 Civ. 3358, 1999 WL 604883, at *4 (S.D.N.Y. August 10, 1999) (dismissing plaintiff's ADEA claim under Rule 4(m) even though such dismissal would effectively bar plaintiff from pursuing his claim because the statute of limitations had run); *Novak v. Nat'l Broadcasting Company, Inc.*, 131 F.R.D. 44, 45 (S.D.N.Y.1990) ("If the statute runs after the filing of the complaint but before the effective date of service of the summons and the case is later dismissed without prejudice pursuant to Rule 4(j) the statute of limitations will bar any refiling."); *Delicata v. Bowen*, 116 F.R.D. 564, 566 (S.D.N.Y.1987) (dismissing Social Security case for same reason); *Burks v. Griffith*, 100 F.R.D. 491, 492–93 (S.D.N.Y.1984) (civil rights).

In the prior action, the Court determined that plaintiff failed to request the Marshals to effect service on the defendants until 125 days after the Court filed his complaint.[5] *See supra* at 373–74. After giving plaintiff every reasonable opportunity to explain his failure to contact the Marshals within 120 days after the Court filed his complaint, plaintiff's only response (that he asked the Marshals to serve within the 120 days), was flatly contradicted by the evidence that he submitted in support of his explanation. The Court, instead of dismissing plaintiff's complaint outright, directed plaintiff to appear for a hearing to

---

**4.** Rule 4 was amended effective December 1, 1993, and prior to these amendments, Rule 4(j) governed the timing of service. The current provision governing the timing of service, Rule 4(m), does not materially differ from the prior version. *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir.1994).

**5.** This assumes that a request to the Marshals to serve the defendants satisfies plaintiff's obligations to actually *serve* the defendants within 120 days after the commencement of the action. Since plaintiff is proceedings *pro se* and, at the time IFP, the Court assumes that such a request within 120 days is enough to comply with Rule 4(m).

explain this discrepancy. Plaintiff failed to appear at this hearing, request an adjournment or otherwise contact the Court. Thus, only after permitting plaintiff two opportunities to submit written explanations, and after plaintiff failed to appear at the hearing, did the Court determine that he failed to comply with Rule 4(m) and dismiss his complaint without prejudice.

■ The Court must grant defendants' motion to dismiss, since, as discussed above, the Court's dismissal of plaintiff's original complaint occurred after the 90–day statute of limitations that governed his Title VII and ADA claims had run. Plaintiff offered no explanation whatsoever in the original action that would have entitled him to an extension of time in which to serve defendants. Likewise, plaintiff has proffered no reasons for the Court to equitably toll the statute of limitations in this action. Accordingly, the Court dismisses plaintiff's complaint with prejudice as time-barred under the applicable statute of limitations.

### CONCLUSION

For all of the aforementioned reasons, plaintiff's motion to recuse is denied. Defendants' motion to dismiss shall be and hereby is granted. The Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED**