**Ivan AMNAY, Plaintiff,**

v.

**DEL LABS, Martha Pusey, and Does 1–10, Defendants.**

No. CV–99–6003 (ADS).

United States District Court, E.D. New York.

Sept. 4, 2000.

Ivan Amnay, Uniondale, NY, plaintiff pro se.

Morgan, Lewis & Bockius, L.L.P., New York City, by Christopher A. Parlo and Anne M. Graves, of counsel, for the defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On September 27, 1999, Pro Se Plaintiff Ivan Amnay ("Amnay") filed a complaint against his former employer Defendants Del Laboratories, Inc. ("Del Labs") and his supervisor Martha Pusey ("Pusey"), alleging that he had been wrongfully dismissed by Del Labs as a result of his age and race. Currently before the court are the motions by Del Labs and Pusey to dismiss the complaint for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) for improper service of process.

### BACKGROUND

In May 1983, Amnay, an African–American, was hired by Del Labs and remained employed there until June 1986, when he voluntarily left to pursue a career in the restaurant business. In October 1994, Del Labs rehired him and assigned him to work in its accounting department. In January 1998, Del Labs transferred Am-

nay to its Uniondale office and reassigned him to the purchasing department where he was placed under the supervision of Pusey, who is white.

Amnay claims while working under Pusey he was harassed because of his age, race, and national origin. Amnay states that he approached the Personnel Department to complain about this harassment but his complaints fell on "deaf ears." In addition, according to Amnay, Pusey retaliated against him for his complaints to the Personnel Department. On May 18, 1998, four months after being reassigned to Pusey, Amnay was terminated for allegedly making excessive personal phone calls.

Amnay filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in August 1998. In May 1999, Del Labs filed a response to the Amnay's complaint. In a letter dated July 6, 1999, the EEOC said it was unable to conclude that Amnay's civil rights were violated and issued to him a "right to sue" letter.

Amnay initiated this action by filing a complaint in this court on September 27, 1999. On December 14, 1999, according to the affidavit of the Amnay's process server Hemawattie Mahadeo, the Plaintiff attempted service of summonses on Del Labs and Pusey by personal delivery to Arlene Guest, a receptionist at the Del Labs offices. On the same day, Amnay mailed, via certified mail, another copy of the complaint and summons to "Del Labs, Inc." at the company's mailing address. Plaintiff does not contend that he mailed a copy addressed to Pusey at this time. Neither Del Labs nor Pusey responded to the summons and complaint.

On January 18, 2000, Amnay sent another copy of the summons and complaint, via certified mail, to Del Labs and Pusey at the Del Labs address, demanding an answer to his complaint within 10 days. On January 27, 2000, defendants Del Labs and Pusey moved to dismiss the complaint against Del Labs and Pusey on insufficien-

cy of service of process, among other grounds.

## DISCUSSION

■ At the outset, the Court observes that the Amnay is proceeding *pro se* in this action. As the Second Circuit has cautioned: "[i]mplicit in the right to self representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2nd Cir.1983). However, the Court is also mindful that such protection "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Traguth*, 710 F.2d at 95, *quoting Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981), and that "ignorance of the law, even in the context of pro se litigants, does not constitute good cause [under Rule 4(m) ]." *Rivera v. Warden of M.C.C., N.Y.*, 2000 WL 769206, *5 (S.D.N.Y.2000), *quoting Charles v. New York City Police Dep't*, 1999 WL 771406 (S.D.N.Y.1999).

Fed.R.Civ.P. 4(m) provides that:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

■ The Second Circuit interprets this provision to "require a district court to dismiss an action where a plaintiff has failed to serve a defendant within 120 days after the filing of the complaint, unless the plaintiff can establish 'good cause.' " *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *Ocasio v. Fashion Institute of Technology*, 86 F.Supp.2d 371, 376 (S.D.N.Y.2000).

### 1. As to service on Defendant Pusey

Fed.R.Civ.P. 4(e) allows an individual to be served: (1) pursuant to the law of the state in which the district court is located or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e).

Under New York Civil Practice Law and Rules ("CPLR") § 308(2), service upon an individual may be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . *and* by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . such delivery and mailing to be effected within twenty days of each other.

CPLR. § 308(2) (McKinney 1990) (emphasis added).

■ Amnay contends that he effected service on Pusey by leaving a copy of the complaint and summons with her secretary, Arlene Guest, on December 14, 1999. Because Amnay did not serve Plaintiff personally in hand or leave a copy at her "dwelling house or usual place of abode," this service was insufficient under Rule 4(e)(2). Moreover, Amnay does not contend he mailed a copy of the complaint and summons to Pusey at any point until January 18, 2000, some 34 days after the delivery of the summons to her work. Because CPLR § 308(2) requires delivery and mailing to occur within 20 days of each other, the gap in time between the summons being delivered to Pusey's place of business on December 14, 1999 and Amnay's mailing on January 18, 2000 is insufficient to comply with New York law. Therefore, the Court finds that Amnay failed to serve Pusey under either prong of 4(e) within 120 days of the filing of Amnay's complaint.

### 2. As to service on Del Labs

Fed.R.Civ.P. 4(h) allows corporations to be served ". .[pursuant to state law], or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h).

New York law allows for service on a corporation only by personal delivery "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." CPLR § 311 (McKinney 1990). New York State courts have held that a receptionist is generally not authorized by a corporation to receive service unless there is evidence that a person to be served has resisted service. *See Austrian Lance & Stewart, P.C. v. Rockefeller Center, Inc.,* 163 A.D.2d 125, 128, 558 N.Y.S.2d 521, 524 (1st Dept. 1990).

■ Del Labs contends that Arlene Guest is not an agent authorized to receive service on its behalf. Amnay admits that Guest is a secretary, not a corporate officer, and he does not allege that he ever attempted service on any corporate official, much less that any corporate officer attempted to evade service. Therefore, service on Guest is insufficient to vest personal jurisdiction over Del Labs. Moreover, the Plaintiff argues that his service on Guest was to obtain personal jurisdiction over Pusey, not Del Labs.

■ Amnay also alleges Del Labs was properly served when a copy of the complaint and summons was mailed to Del Labs business address on December 14, 1999. However, neither Fed.R.Civ.P. 4(h)

nor CPLR § 311 authorizes service on corporations via mail.

Accordingly, this Court finds that Amnay's attempt to serve Del Labs was insufficient under both Fed.R.Civ.P. 4(h) and CPLR § 311. Therefore, service was not made upon Del Labs within 120 days of filing the complaint under Rule 4(m).

### 3. As to extending the 120-day period of Rule 4(m)

■ Rule 4(m) does allow the court to forgive a failure to serve within 120 days. *See, Ocasio* 86 F.Supp.2d at 376. In considering whether to excuse a plaintiff's failure to serve the summons within 120 days of filing the action, courts have considered (i) whether the applicable statute of limitations would bar the refilled action; (ii) whether the defendant had actual notice of the claims asserted in the complaint; (iii) whether the defendant had attempted to conceal the defect in service; and (iv) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision. *Tevdorachvili v. The Chase Manhattan Bank,* 2000 WL 963471, *5 (E.D.N.Y.2000), *quoting Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 506 (S.D.N.Y.1999).

■ While this Court would be inclined to relieve the consequences of the Plaintiff's failure to comply with Rule 4(m), it appears such relief would nevertheless be moot. A plaintiff is required to file a complaint in a Title VII action within 90 days of the issuance of a right to sue letter by the EEOC. 42 U.S.C. § 2000e–5(f)(1). This 90–day requirement is in the nature of a statute of limitations, and thus subject to tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Holmes v. National Broadcasting Corp.,* 914 F.Supp. 1040, 1042 (S.D.N.Y.1996). While the filing of a complaint tolls a statute of limitations, failure to complete service of the summons within 120 days as required by Rule 4(m) ends the tolling period, and the statute of limitations once again begins to run. *See, Ocasio,* 86 F.Supp.2d at 376, *see also, Frasca v. U.S.,* 921 F.2d 450, 453 (2d Cir. 1990).

Here, Amnay filed his complaint on September 27, 1999, 81 days after receiving his right to sue letter. Therefore, at the time he filed, he only had nine days remaining before the 90 day statute of limitations for commencing a Title VII action expired. Pursuant to Rule 4(m), the statute of limitations was then tolled for the next 120 days, but resumed running on or about January 25, 2000, after Amnay failed to complete service on the Defendants. Nine days later, the 90 day statute of limitations expired completely, barring any further action by Amnay on his case. Because the Plaintiff's claims are now untimely, granting the Plaintiff an extension of time to attempt to serve Defendants would be futile.

Therefore, pursuant to Rule 4(m), due to Amnay's failure to properly serve the Defendants, the Court lacks personal jurisdiction over them and must dismiss the case pursuant to Fed.R.Civ.P. 12(b)(2). *See Gaines v. Gaston,* 182 F.R.D. 430 (S.D.N.Y.1998) (dismissing case for failure to serve a complaint and summons properly despite the plaintiff's pro se status).

### CONCLUSION

For the reasons stated above, the motions to dismiss action for lack of personal jurisdiction under Rule 12(b)(2) by Del Labs and Martha Pusey is hereby GRANTED. The complaint is dismissed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**