■ ELENA R. SASSOWER, as Coordinator of the Center for Judicial Accountability, Appellant, v COMMISSION ON JUDICIAL CONDUCT OF THE STATE OF NEW YORK, Respondent. [734 NYS2d 68] —Order and judgment (one paper), Supreme Court, New York County (William Wetzel, J.), entered February 18, 2000, which, in a proceeding pursuant to CPLR article 78, *inter alia,* denied petitioner's recusal motion and her application to compel respondent Commission to investigate her complaint of judicial misconduct and granted the motion by respondent Commission to dismiss the petition, unanimously affirmed, without costs.

The petition to compel respondent's investigation of a complaint was properly dismissed since respondent's determination whether to investigate a complaint involves an exercise of discretion and accordingly is not amenable to mandamus (*Mantell v New York State Commn. on Judicial Conduct,* 277 AD2d 96, *lv denied* 96 NY2d 706). Moreover, inasmuch as petitioner has failed to demonstrate that she personally suffered some actual or threatened injury as a result of the putatively illegal conduct, she lacks standing to sue the Commission (*see, Valley Forge Christian Coll. v Americans United for Separation of Church & State,* 454 US 464, 472; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9).

The fact that the court ultimately ruled against petitioner has no relevance to the merits of petitioner's application for his recusal (*see, Ocasio v Fashion Inst. of Technology,* 86 F Supp 2d 371, 374, *affd* 9 Fed Appx 66), and the court's denial of the recusal application constituted a proper exercise of its discretion (*see, People v Moreno,* 70 NY2d 403, 405).

The imposition of a filing injunction against both petitioner and the Center for Judicial Accountability was justified given petitioner's vitriolic ad hominem attacks on the participants in this case, her voluminous correspondence, motion papers and recusal motions in this litigation and her frivolous requests for criminal sanctions (*see, Miller v Lanzisera,* 273 AD2d 866, 869, *appeal dismissed* 95 NY2d 887).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.